# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS W. THOMPSON, JR.,     :
                     :
      **Petitioner**          :
                     :    **CIVIL NO. 3:18-CV-1614**
   **v.**                  :
                     :    **(Judge Caputo)**
**WARDEN CLAIRE DOLL,** *et al.,*    :
                     :
      **Respondent**       :

## M E M O R A N D U M

Petitioner Thomas W. Thompson, Jr., a Pennsylvania state parole violator, filed the instant petition for writ of habeas corpus on August 16, 2018, alleging that the Pennsylvania Board of Probation and Parole (PBPP) violated his constitutional rights by detaining him pending resolution of new criminal charges. As relief Mr. Thompson seeks the Court to direct the PBPP "to release him from their custody so that he may exercise his rights secured by the Sixth, Eighth, Fifth and Fourteenth Amendments to the United States Constitution" relative to his new criminal charges. (ECF No. 1.) Mr. Thompson also filed a motion for bail. (ECF No. 9.) The PBPP filed a timely response suggesting, *inter alia*, that Mr. Thompson's petition is moot following his *nolo contendere* plea to his new criminal charges. (ECF No. 11.) In his Reply Mr. Thompson admits that the PBPP "had every legal right to detain him pursuant to 61 Pa. C.S. § 6138(b) – Violation of Terms of Parole, Subsequent Arrest" but that his Petition is not moot because if he is arrested again while on parole "he will certainly be subjected to the same indefinite detention that he complains of in [his] petition." (ECF No. 14 at 9.)

The matter is ripe for disposition, for the following reasons Mr. Thompson's Petition and motion for bail will be dismissed as moot.

## I. Background

On January 5, 2005, a jury convicted Mr. Thompson of attempted homicide, aggravated assault, arson, and possession of explosive/incendiary material of devices in the York County Court of Common Pleas. *See Commonwealth v. Thompson*, CP-67-CR-0004301-2004 (York Cty. Ct. Com. Pls.).[1]  On March 14, 2005, he received an aggregate sentence of 10 to 20 years' imprisonment.  (*Id.*)  The Pennsylvania Department of Corrections (DOC) calculated his controlling minimum sentence date as December 27, 2014 and his maximum sentence as December 27, 2024.  (ECF No. 11 at 14 - 16.)  The PBPP granted him parole at his minimum sentence.  (*Id.* at 18 – 20.)  In advance of his physical release from custody, Mr. Thompson affirmed his receipt of his Conditions Governing Parole/Reparole.  (*Id.* at 23 – 25.)  Via that document Mr. Thompson was placed on notice, *inter alia*, that "[i]f [he was] arrested on new criminal charges, the Board ha[d] the authority to lodge a detainer against [him] which w[ould] prevent [his] release from custody, pending disposition of those charges, even though [he] may have posted bail or been released on [his] own recognizance from those charges."  (*Id.* at 23.)  Mr. Thompson was released from the State Correctional Institution at Camp Hill (SCI-Camp Hill) on December 29, 2014.  (*Id.* at 22.)

---

[1] The Court takes judicial notice of the docket in Mr. Thompson's underlying criminal offense which is available at https://ujsportal.pacourts.us (last visited Oct. 7, 2019).

On December 9, 2017, the Southwestern Regional Police Department arrested and charged Mr. Thompson with Driving Under the Influence (DUI) and other offenses. (ECF No. 1 at ¶ 7 and ECF No. 11 at 27 – 31); *see also Commonwealth v. Thompson*, CP-67-CR-0000650-2018 (York Cty. Ct. Com. Pls.).[2]  The following day the PBPP lodged a detainer against Mr. Thompson.  (ECF No. 11 at 33.)  On December 10, 2017, following a preliminary hearing on his new charge, Mr. Thompson was remanded to the York County Prison in lieu of $10,000 bail.  (ECF No. 1 at ¶ 10.)  He posted bail on December 12, 2017.  (*Id.* at ¶ 11 and 8.)

On December 14, 2017, Mr. Thompson was returned to SCI-Camp Hill based on the PBPP detainer.  (ECF No. 11 at 35.)  The same day, the PBPP served Mr. Thompson with a notice of the charges against him and his right to a detention hearing.  (*Id.* at 37 - 41.)  On December 14, 2017, Mr. Thompson waived representation of counsel at his detention hearing and waived his right to a detention hearing pending the disposition of his new criminal charges.  (*Id.* at 43 and ECF No. 14 at 1.)  On March 9, 2018, the PBPP issued an administrative decision detaining to detain Mr. Thompson pending the disposition of his new criminal charges.  (ECF No. 11 at 45.)

On October 5, 2018, Mr. Thompson pled *nolo contendere* to the DUI offense and received a sentence of 72-hours to 6-months' incarceration.  (*Id.* at 50 and ECF No. 14 at 2.)  On October 24, 2018, the PBPP released Mr. Thompson from custody.  (ECF No. 14 at 3.)  Mr. Thompson is not presently incarcerated. [3]

---

[2] The Court takes judicial notice of the docket in Mr. Thompson's new criminal offense which is available at https://ujsportal.pacourts.us (last visited Oct. 7, 2019).

[3] Mr. Thompson filed his habeas petition while housed at the York County Prison in York, Pennsylvania.  (ECF No. 1.)  In early October 2018, he notified the Court of his transfer to SCI-

## III.    Discussion

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies.  If developments occur during a case which render the court unable to grant a party the relief requested, the case must be dismissed as moot.  *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (citing *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-699 (3d Cir. 1996)).

In this case, Mr. Thompson does not challenge his attempted homicide or DUI conviction.  Rather he challenges the PBPP's ability to detain him "indefinitely" pursuant to 61 Pa. C.S. § 6138(b).  As relief, he seeks his release on parole.  (ECF No. 1.)  Since the filing of his Petition, Mr. Thompson has confirmed his conviction for DUI on October 5, 2018 and his subsequent release on parole on October 24, 2018.  (ECF No. 14 at 2-3.)

Because the only relief Mr. Thompson sought was his immediate release on parole, his claim that PBPP was unlawfully detaining him "indefinitely" pending the resolution of his new criminal charges has been rendered moot.  *See Razzoli v. FCI Allenwood*, 200 F. App'x 166, 169 (3d Cir. 2006) (per curiam) (release from custody mooted habeas petition alleging unlawful denial of parole, as the remedy sought through habeas had been granted by the passage of time); *see also Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (presumption of collateral consequences does not apply to parole revocations).  Through the mere passage of time, Mr. Thompson has

---

Camp Hill.  (ECF No. 12.)  On October 24, 2018, the PBPP released Mr. Thompson from custody. He now resides in New Oxford, Pennsylvania.  (ECF Nos. 13 and 14.)

obtained the requested relief, his release from state custody on parole from his original sentence.

To the extent Mr. Thompson contends he suffers from potential "collateral consequence" that would continue this case or controversy, the Court disagrees. While Mr. Thompson fears that should he be arrested again while on parole he would be subject to "indefinite detention" once again, he is mistaken. First, Mr. Thompson has already conceded that the PBPP "had ever legal right to detain him pursuant to 61 Pa. C.S. § 6138(b)" pending the resolution of his new charges. (ECF No. 14 at 2.) If arrested anew while still on parole, the PBPP's authority to lodge a detainer to hold him pending resolution of his new charges would ring equally true. Second, his detention is not "indefinite" as suggested. Similar as to his present experience, he would have the opportunity to contest his detention and his detention pursuant to the PBPP detainer would cease upon the disposition of his new criminal charges. Third, the sheer possibility that Mr. Thompson may be arrested in the future while on parole is just that, a possibility and not a "concrete" or "continuing injury" necessary to demonstrate a live case or controversy. *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. "[A] possibility rather than a certainty or even a probability" does not provide grounds for federal jurisdiction. *Id.* at 14-16, 118 S.Ct. at 986 - 87.

**IV.     Conclusion**

Mr. Thompson admits that the PBPP had the legal authority to detain him, a parolee, based upon his arrest on new criminal charges pending their disposition.  Since the filing of his Petition, he plead *nolo contendere* to his new criminal charge, was sentenced and subsequently released by the PBPP on parole.  Accordingly, his Petition, and motion for bail, will be dismissed as moot.

An appropriate Order follows.

**DATE:  October 7, 2019**                        /s/ A. Richard Caputo
                                                                  **A. RICHARD CAPUTO**
                                                                  **United States District Judge**